IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39203-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT H. DENISON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Grant Denison appeals from the trial court's denial of his motion to restore his firearm rights.  He argues that the trial court erred in determining that his firearm rights were never limited by his fourth degree assault conviction and claims they were limited because he committed the assault against a family or household member.  We affirm.

BACKGROUND

Denison was originally charged with second degree assault against a family or household member.  The State subsequently amended the charge to fourth degree assault and removed the allegation that the assault had been committed against a family or household member.

On July 27, 2016, Denison pleaded guilty to the amended fourth degree assault charge, and the trial court accepted the plea.  As part of Denison's guilty plea, he agreed

that the trial court "may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." Clerk's Papers at 23. Along with detailing the alleged assault, the probable cause affidavit stated that the victim was Denison's girlfriend and that the two had lived together for 14 years and had two children.

Denison's standard-form statement of defendant on plea of guilty included several boxes that could be checked or marked if the crime to which he was pleading guilty was considered domestic violence or against a family or household member. On the first page a paragraph can be filled in with the offenses that are committed against a family or household member. This paragraph was left blank, indicating that none of the charges were against a family or household member. On page three of the form, a paragraph advising that a conviction will result in the loss of firearm rights was crossed out. Likewise, the judgment and sentence stated that Denison had pleaded guilty to fourth degree assault and contained no findings that the crime was committed against a family or household member. Nor is there any indication in the record that Denison was advised by the court that he had lost his firearm rights as a result of the conviction.

Six years after his guilty plea, Denison filed a motion to restore his firearm rights. He argued that because he had been convicted of fourth degree assault against an intimate partner, his firearm rights had been limited, but maintained that he was now eligible for restoration of those rights. Denison's counsel admitted that although Denison had been

"delayed on a firearm purchase," he had not actually been denied the purchase of a firearm.  In response, the State maintained that Denison had not been convicted of an offense prohibiting him from possessing a firearm under Washington law.

The trial court denied the motion as not ripe, determining that there was no proof of Denison's inability to obtain firearms.

Denison appeals.

## ANALYSIS

Denison contends that his conviction for fourth degree assault caused him to lose his firearm rights because the police reports used to support his plea included an allegation that the victim was a member of the same family or household.  Denison's argument is legally incorrect.  Because he otherwise fails to show that factually his firearm rights have been lost, we affirm the trial court.

A conviction for fourth degree assault will generally not result in the loss of firearm rights.  However, when the crime is committed against a family or household member, the person becomes ineligible to possess a firearm.  RCW 9.41.040(2)(a)(i).[1] The parties disagree on whether Dennison has been convicted of a predicate offense.

_____

[1] All references to the RCW refer to the version of the statute in force at the time Denison was convicted of fourth degree assault in July 2016.  At the time of Dennison's conviction, "family or household member" included adult persons who had a child together.  *See* former RCW 9.41.010(5) (2014) referring to the definitions provided by former RCW 10.99.020 (2004).

Denison insists that since he was convicted of fourth degree assault and he stipulated that the court could consider a probable cause statement that alleged the crime was committed against his girlfriend with whom he had children, that he is now ineligible to possess firearms under Washington State law.

It is true that assault domestic violence is not a separate offense. *State v. Felix*, 125 Wn. App. 575, 105 P.3d 427 (2005). And for purposes of finding a person ineligible to possess a firearm, the relationship status does not need to be plead or proved. *Id*. Still, a person found guilty of a crime that renders them ineligible to possess a firearm must be notified of the loss of such right at the time of sentencing and this notice is then sent to the Department of Licensing. RCW 9.41.047(1)(a), (b). In addition, courts are required to identify criminal actions arising from acts of domestic violence. RCW 10.99.040(1)(d).

Here, the State denies that Denison was convicted of a predicate offense and Denison fails to show otherwise. The State did not plead or prove a relationship status for the fourth degree assault charge, Denison did not admit to the relationship status, and the court did not find one. While Denison stipulated that the court could consider the propable cause statement for purposes of finding a factual basis for the plea, he did not stipulate that the crime was committed against a family or household member. Moreover, there is nothing in the record indicating that Denison was notified by the court that he was ineligible to possess firearms as a result of the conviction. Finally, Denison

4

No. 39203-1-III
*State v. Denison*

fails to show that his firearm rights were actually restricted. Denison's attorney admitted below that Denison had not been prevented from purchasing a firearm.

There is argument from the State that it is possible that Denison's firearm rights may be restricted under federal law, but Denison denies any claims under federal law. Regardless, this case concerns only State law, and Denison's firearm rights under federal law are irrelevant to this court's determination. *See State v. Kincer*, __Wn. App. __, 527 P.3d 837, 840-42 (2023) (determining that federal law did not preclude defendant from having firearm rights restored under Washington law).

The trial court did not err in denying Denison's motion to restore his right to possess firearms because Denison failed to demonstrate that his rights had been revoked.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____        _____
Fearing, C.J.                                          Siddoway, J.

5